An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SODEXO, F/K/A SODEXHO, A/K/A SEDEXHO,
Appellant,
vs.
CYNTHIA CHAPPELL,
Respondent.

No. 58121



FILED

FEB 28 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation case. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In March of 2008, respondent Cynthia Chappell worked as a housekeeper for appellant Sodexo, a commercial cleaning company. Her primary job duty was to clean the ground floor of Mountain View Hospital in Las Vegas. On March 31, Chappell clocked out for lunch and proceeded to the hospital cafeteria to share food with her co-workers. Chappell sat in one of the cafeteria chairs for about five minutes before she stood up and tripped over a co-worker's chair. Chappell's fall fractured her left hip and required surgery.

Chappell filed a claim for workers' compensation benefits, but Sodexo's provider denied it. The provider contended that her injury did not arise out of and in the course and scope of her employment with Sodexo. After a hearing officer denied an initial appeal of the determination, an appeals officer subsequently reversed the determination. The appeals officer concluded that Chappell had in fact established by a preponderance of the evidence that her injury occurred in

SUPREME COURT
OF
NEVADA

(O) 1947A

13-06304

the course and scope of her employment with Sodexo. The district court denied Sodexo's petition for judicial review.

Sodexo now appeals, arguing that Chappell was not injured in the course and scope of her employment.[1] We disagree. The parties are familiar with the facts of this case, and we do not recount them further except as is necessary for our disposition.

Like the district court, we review an administrative officer's factual findings for clear error or arbitrary abuse of discretion and will not overturn findings supported by substantial evidence. City of North Las Vegas v. Warburton, 127 Nev. ___, 262 P.3d 715, 718 (2011). NRS 616C.150(1) provides that "[a]n injured employee . . . [is] not entitled to receive compensation . . . unless the employee or the dependents establish by a preponderance of evidence that the employee's injury arose out of and in the course of his or her employment."

Chappell's injury arose out of her employment with Sodexo

To demonstrate that an injury arose out of employment, the injured employee must establish the causal connection between workplace conditions and how those conditions caused the injury, based on the totality of the circumstances. Rio Suite Hotel & Casino v. Gorsky, 113 Nev. 600, 604, 939 P.2d 1043, 1046 (1997). Obvious industrial injuries such as slips, falls, and trips due to conditions caused by the employer, as

---

[1]Sodexo also argues that the appeals officer impermissibly relied on the positional risk doctrine, which this court expressly rejected in Mitchell v. Clark County Sch. Dist., 121 Nev. 179, 183, 111 P.3d 1104, 1106-07 (2005). While this court has indeed rejected the positional risk doctrine, the appeals officer in this case never mentioned the positional risk doctrine in her order, nor did she implicitly use the doctrine in her analysis. Therefore, we conclude no error of law occurred in this regard.

 

well as injuries caused by employment-related risks are generally compensable. See Rio All Suite Hotel & Casino v. Phillips, 126 Nev. ___, 240 P.3d 2, 5 (2010). Personal risks, such as falls caused by bad knees or epilepsy, are pre-existing conditions that cannot be attributed to employment, and are therefore not compensable. Id. Neutral risks, which are risks that cannot be identified as distinctly employment risks or distinctly personal risks and include unexplained falls like Chappell's, are compensable if they meet the increased-risk test. Id. at 6.

Under the increased-risk test, the employee must show that the origin of the injury is related to some risk involved within the scope of employment that the general public does not face. Id. at ___, 240 P.3d at 7. Increased risk can exist when an employee is exposed to risks more frequently than the public. Id. For instance, in Phillips, this court held that an employee faced an increased risk of injury when she fell on the stairs because she was required to use the stairs more frequently than a member of the public would be required to use the stairs. Id.

We conclude that substantial evidence supported the appeals officer's conclusion that Chappell's injury arose out of her employment. It is undisputed that Chappell had to walk through the hospital cafeteria at a minimum of four times a day to clock in and out, which is a greater frequency than the average member of the public would be required to cross the cafeteria. Therefore, Chappell was exposed to hazards in the cafeteria more frequently than the general public.

Chappell's injury occurred in the course of her employment with Sodexo

Whether an injury occurs in the course of employment refers to the time and place of the injury, either during work, during working hours, or while the employee is reasonably performing her duties. Wood v.

Safeway, 121 Nev. 724, 733, 121 P.3d 1026, 1032 (2005). Temporal and geographical factors are relevant, as well as the degree of control the employer exerted over the employee at the time of the injury. See MGM Mirage v. Cotton, 121 Nev. 396, 399-400, 116 P.3d 56, 58 (2005).

Chappell was on her 30-minute unpaid meal break when the injury occurred.[2] Chappell took her meal break in the hospital cafeteria because she had to remain available to clean up emergency spills. She did not have a cell phone which would allow her supervisor to remain in contact with her, which would allow her to leave the premises. Chappell's meal breaks were often cut short when she had to attend to a spill, and sometimes she was even unable to take a meal break. Sodexo does not dispute these facts. While Chappell was not officially on the clock, she remained within her employer's control during this period and stayed on the premises for her employer's benefit. Therefore, substantial evidence supports the appeals officer's conclusion that Chappell's injury occurred in

---

[2]The common-law personal comfort doctrine permits compensation for workers injured while engaging in reasonable activities designed for personal comfort, such as stretching, bathroom breaks, or meal breaks. Ball-Foster Glass Container Co. v. Giovanelli, 177 P.3d 692, 700 (Wash. 2008). Nevada has implicitly adopted this doctrine. See Dixon v. SIIS, 111 Nev. 994, 997-98, 899 P.2d 571, 573-74 (1995) (affirming workers' compensation for employee injured on lunch break while exercising with a bicycle); Costley v. Nevada Ind. Ins. Com., 53 Nev. 219, 225, 296 P. 1011, 1013 (1931) (holding that a miner's injuries while erecting a tent on the employer's premises the day before work arose out of and in the course of his employment). Thus, that Chappell was eating lunch at the time of her fall is inconsequential to her ability to collect worker's compensation as long as she meets the other tests outlined above.

 

the course of her employment with Sodexo.[3]  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Douglas W. Herndon, District Judge
       M. Nelson Segel, Settlement Judge
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Benson, Bertoldo, Baker & Carter, Chtd.
       Eighth District Court Clerk

---

[3]We have considered the parties' other arguments and conclude they are without merit.